

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF GEORGIA**

**SAVANNAH DIVISION**

---

**ADRIANE POTTER and GEORGE FARIS,**

    Plaintiffs,

    v.

**ARK HOMES FOR RENT ET-2 LP; AMBER KRAYENHAGEN,**
**individually and in her official capacity; SENTRY**
**MANAGEMENT INC.; MATT MATTINGLY, individually**
**and in his official capacity as CEO/CFO/Secretary;**
**COLONIES AT HABERSHAM HOA INC.; and**
**MALETTE HAWES,**

    Defendants.

**4:26-cv-00165**

Civil Action No.: _____

**JURY TRIAL DEMANDED**

---

**AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF,**

**DAMAGES, AND EMERGENCY MOTION FOR**

**TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

## INTRODUCTION

Plaintiff Adriane Potter brings this civil rights action against her landlord, property manager, homeowners association, HOA management company, and a neighbor for a coordinated pattern of First Amendment retaliation, selective and pretextual enforcement, coercion, and unlawful interference with federally protected rights. This amended complaint incorporates post-notice retaliatory conduct occurring on June 9, 2026 — the morning Plaintiff's civil rights representative formally notified Defendants of this pending federal action.

## PARTIES

1. Plaintiff ADRIANE POTTER is an individual residing at 29 Wilkins Road, Midway, Georgia 31320, Liberty County, in the Southern District of Georgia. Plaintiff is the leaseholder of record and has continuously occupied the premises for approximately five (5) years.

2. Co-Plaintiff GEORGE FARIS is an individual who has continuously resided at 29 Wilkins Road, Midway, Georgia 31320, for five (5) years. Mr. Faris is a direct victim of Defendants' retaliatory occupancy threat transmitted on June 9, 2026, and brings this action as a co-plaintiff asserting his own rights under 42 U.S.C. § 3617 and applicable law.

3. Defendant ARK HOMES FOR RENT ET-2 LP is a limited partnership doing business in Georgia as a residential landlord. ARK owns and manages the property at 29 Wilkins Road, Midway, Georgia 31320.

4. Defendant AMBER KRAYENHAGEN is an officer or principal of ARK Homes for Rent and is sued individually and in her official capacity.

5. Defendant SENTRY MANAGEMENT INC. is a Georgia corporation retained by Colonies at Habersham HOA Inc. to provide HOA management services.

6. Defendant MATT MATTINGLY simultaneously holds the positions of CEO, CFO, and Secretary of Sentry Management Inc., in potential violation of O.C.G.A. § 14-3-840, and is sued individually and in his official capacity.

7. Defendant COLONIES AT HABERSHAM HOA INC. is the homeowners association governing the Colonies at Habersham subdivision, Liberty County, Georgia.

8. Defendant MALETTE HAWES is a neighbor residing in the Colonies at Habersham subdivision who has publicly admitted to filing HOA complaints against Plaintiff and has made defamatory statements about Plaintiff on social media.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, the Fair Housing Act (42 U.S.C. §§ 3601 et seq.), and 4 U.S.C. § 5.

9. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

10. Venue is proper in the Southern District of Georgia, Savannah Division, pursuant to 28 U.S.C. § 1391, as the property at issue and all events giving rise to this action are located in Liberty County, Georgia.

## STATEMENT OF FACTS

### A. Background

11. Plaintiff has resided at 29 Wilkins Road, Midway, Georgia 31320 as a paying tenant under a written lease with ARK Homes for Rent for approximately five (5) years.

12. On August 30, 2023, Plaintiff installed a flagpole on the property displaying American flags and political flags, including advocacy materials related to the Jimmy's Law campaign, a federal legislative initiative.

13. For a period of approximately two and a half (2.5) years — from August 2023 through March 2026 — Defendants took no enforcement action regarding the flagpole, political flags, or any related items on Plaintiff's property.

14. On February 18, 2025, Plaintiff obtained Liberty County Accessory Permit #250078, approved for a 12x20 storage structure, at a cost of $330.00. This permit was obtained at ARK's demand and with ARK's knowledge.

### B. The Retaliatory Enforcement Campaign

15. On March 17, 2026, Defendants Sentry Management and Colonies at Habersham HOA issued a "Friendly Warning and First Notice" targeting Plaintiff's flagpole, political flags, shed, trailer, garden structure, and motorcycle — all items that had been present and unenforced for years.

16. On April 2, 2026, Plaintiff formally notified ARK Homes for Rent of her rights under 4 U.S.C. § 5 (federal flag protection statutes). ARK did not respond and instead escalated enforcement.

17. Defendant Myron Tonge, ARK's property manager, issued a written threat to remove Plaintiff's permitted shed — Accessory Permit #250078 — without a court order, constituting threatened unlawful entry and property deprivation.

18. ARK's reversal — first demanding Plaintiff obtain a permit for the shed, then threatening to remove the permitted structure — constitutes bad faith and demonstrates the enforcement campaign is pretextual rather than compliance-based.

19. Defendant Malette Hawes publicly admitted on Facebook to filing HOA complaints against Plaintiff and visiting the HOA office. Hawes's own property is grandfathered and exempt from the same covenant provisions she invoked against Plaintiff, establishing selective enforcement.

## C. Post-Notice Retaliatory Conduct — June 9, 2026

20. On June 9, 2026, Plaintiff's civil rights representative, George Faris, Civil Rights Investigator and Founder of Enoch Engine, formally notified ARK Homes for Rent of the pending federal matter in this Court.

21. On the same morning — June 9, 2026, at approximately 8:39 AM — Defendant Myron Tonge transmitted a text message to Mr. Faris stating: "Thank you for your message. Unfortunately, if you are unable to complete the application process, you cannot be approved as an authorized occupant of the home and therefore would not be permitted to reside there. All occupants are required to complete our screening process as part of the approval requirements — Myron."

22. Mr. Faris has continuously resided at 29 Wilkins Road for five (5) years with ARK's full knowledge. During this period, ARK accepted rent without invoking any occupant approval requirement.

23. ARK's invocation of an occupant approval provision — triggered within hours of formal federal notice, after five years of knowing acquiescence — is a pretextual and retaliatory act designed to intimidate Plaintiff's civil rights representative and interfere with the exercise of Plaintiff's federally protected rights.

24. This text message is preserved as documentary evidence and will be submitted as an exhibit to this Court.

## D. HOA Governance Misconduct

25. Defendant Matt Mattingly simultaneously holds the titles of CEO, CFO, and Secretary of Sentry Management Inc. Under O.C.G.A. § 14-3-840, certain officer positions within a nonprofit corporation carry distinct duties and authority. Mattingly's consolidation of these roles raises questions of fiduciary conflict and governance integrity in HOA enforcement decisions affecting Plaintiff.

## E. Defamation by Neighbor Hawes

26. Defendant Malette Hawes publicly characterized Plaintiff's property as maintained by a "junky/hoarder" and an "attention seeker" on social media, made false statements of fact about Plaintiff's household, and attempted to use the HOA as an instrument to remove Plaintiff from her home. These statements are preserved in transcript exhibit form.

## CAUSES OF ACTION

### COUNT I — FIRST AMENDMENT RETALIATION
### 42 U.S.C. § 1983

27. Plaintiff incorporates all preceding paragraphs by reference.

28. Plaintiff engaged in protected First Amendment activity by displaying political flags, advocacy materials for the Jimmy's Law campaign, and a petition poster on her residential property.

29. Defendants took no enforcement action for two and a half years, then issued a retaliatory enforcement notice in March 2026, timed to Plaintiff's increased advocacy activity and assertion of federal rights.

30. On June 9, 2026, within hours of formal notification of this federal action, Defendant Tonge transmitted a threat targeting Plaintiff's civil rights representative — a direct adverse action causally connected to Plaintiff's assertion of First Amendment rights.

31. The temporal proximity between Plaintiff's legal notices and Defendants' enforcement escalations establishes a causal nexus sufficient to support a retaliation claim under 42 U.S.C. § 1983.

32. Plaintiff has suffered and continues to suffer irreparable harm, including threatened loss of housing, interference with political expression, and ongoing intimidation.

### COUNT II — SELECTIVE ENFORCEMENT
### 42 U.S.C. § 1983; Equal Protection Clause, U.S. Const. Amend. XIV

33. Plaintiff incorporates all preceding paragraphs by reference.

34. Defendant Hawes's property is grandfathered and exempt from the covenant provisions invoked against Plaintiff. Defendants enforced covenant provisions against Plaintiff while exempting a similarly situated neighbor whose property is maintained by the same HOA framework.

35. This selective enforcement is without rational basis and was motivated by Plaintiff's protected speech and advocacy activities, in violation of the Equal Protection Clause and 42 U.S.C. § 1983.

### COUNT III — LANDLORD RETALIATION
### O.C.G.A. § 44-7-2(b)

36. Plaintiff incorporates all preceding paragraphs by reference.

37. Plaintiff engaged in protected tenant activity by asserting her rights under federal law and the terms of her lease.

38. ARK Homes for Rent responded with escalating enforcement threats, eviction warnings, and — on June 9, 2026 — a retaliatory occupancy threat directed at Plaintiff's civil rights representative.

39. This constitutes landlord retaliation under O.C.G.A. § 44-7-2(b), which prohibits adverse action against tenants for asserting their legal rights.

## COUNT IV — BAD FAITH PERMIT REVERSAL

### Breach of Implied Covenant of Good Faith and Fair Dealing

40. Plaintiff incorporates all preceding paragraphs by reference.

41. ARK Homes for Rent demanded Plaintiff obtain a county permit for her storage shed in January 2025. Plaintiff complied, obtaining Accessory Permit #250078 at a cost of $330.00.

42. ARK subsequently threatened to remove the permitted structure without a court order, reversing its own demand in bad faith and in violation of the implied covenant of good faith and fair dealing.

## COUNT V — UNLAWFUL THREATENED ENTRY

### O.C.G.A. § 44-7-150 et seq.

43. Plaintiff incorporates all preceding paragraphs by reference.

44. Defendant Myron Tonge's written threat to remove Plaintiff's permitted shed without a court order constitutes a threatened unlawful entry and conversion of personal property in violation of Georgia landlord-tenant law.

45. Georgia law requires court authorization prior to any landlord entry for purposes of removing tenant property. Tonge's written threat circumventing this requirement exposes ARK and Tonge to liability.

## COUNT VI — HOA GOVERNANCE MISCONDUCT

### O.C.G.A. § 14-3-840

46. Plaintiff incorporates all preceding paragraphs by reference.

47. Defendant Mattingly's simultaneous service as CEO, CFO, and Secretary of Sentry Management Inc. raises governance integrity concerns under O.C.G.A. § 14-3-840 and relevant nonprofit corporate governance standards.

48. Enforcement decisions affecting Plaintiff's housing were made or authorized through this structurally compromised governance arrangement, tainting the legitimacy of the enforcement process.

## COUNT VII — DEFAMATION
### O.C.G.A. § 51-5-1 et seq.

49. Plaintiff incorporates all preceding paragraphs by reference.

50. Defendant Hawes publicly made false statements of fact about Plaintiff on social media, including characterizing Plaintiff as a "junky/hoarder" and an "attention seeker," and made statements implying criminal or antisocial behavior by members of Plaintiff's household.

51. These statements were made to third parties, were false, and caused damage to Plaintiff's reputation and emotional wellbeing, constituting defamation per se under Georgia law.

## COUNT VIII — TORTIOUS INTERFERENCE
### Georgia Common Law

52. Plaintiff incorporates all preceding paragraphs by reference.

53. Defendant Hawes, by filing bad faith HOA complaints and making false public statements, intentionally and improperly interfered with Plaintiff's contractual relationship with ARK Homes for Rent, proximately causing the enforcement campaign, eviction threats, and resulting damages.

## COUNT IX — COERCION AND INTIMIDATION
### Fair Housing Act, 42 U.S.C. § 3617

54. Plaintiff incorporates all preceding paragraphs by reference.

55. 42 U.S.C. § 3617 prohibits any person from coercing, intimidating, threatening, or interfering with any person in the exercise or enjoyment of, or on account of having exercised or enjoyed, any right granted or protected by the Fair Housing Act.

56. Plaintiff has exercised her rights under the Fair Housing Act by asserting First Amendment retaliation and discriminatory enforcement claims arising from HOA covenant enforcement.

57. George Faris, Civil Rights Investigator, has aided and encouraged Plaintiff in the exercise of her Fair Housing rights within the meaning of § 3617, and his presence at the property is directly connected to Plaintiff's assertion of those rights.

58. On June 9, 2026, within hours of formal federal notice, Defendant Tonge threatened to remove Mr. Faris from the property where he has lawfully resided for five (5) years — constituting coercion and intimidation directed at both Plaintiff and her civil rights representative.

59. This conduct was intentional, deliberate, and transmitted in writing by ARK's authorized agent, establishing willful violation of § 3617.

60. As a direct and proximate result, Plaintiff and her representative have suffered irreparable harm, emotional distress, and interference with the lawful exercise of their civil rights.

## COUNT X — PRETEXTUAL ENFORCEMENT AND IMPLIED WAIVER
### O.C.G.A. § 44-7-2; Georgia Contract Law

61. Plaintiff incorporates all preceding paragraphs by reference.

62. Under Georgia law, a party may waive a contractual provision through a consistent course of conduct demonstrating abandonment of that provision.

63. Plaintiff's lease contains a provision requiring approval of occupants remaining at the property for more than two days.

64. ARK Homes for Rent, with actual and continuing knowledge of George Faris's residence at 29 Wilkins Road, accepted rent for five (5) consecutive years without invoking, enforcing, or referencing the occupant approval provision.

65. ARK's five-year course of conduct constitutes an implied waiver of the occupant approval requirement as applied to Mr. Faris as a matter of Georgia law.

66. ARK's sudden invocation of the occupant approval provision on June 9, 2026 — the morning of formal federal notice — is a pretextual enforcement action activated to retaliate against Plaintiff for asserting her federal rights, not to enforce a legitimate lease term in good faith.

67. Pretextual enforcement of a waived contractual provision, timed to coincide with the exercise of federally protected rights, constitutes landlord retaliation under O.C.G.A. § 44-7-2(b) and provides additional evidence of retaliatory intent under the Fair Housing Act.

## EMBEDDED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

### AND PRELIMINARY INJUNCTION
### Fed. R. Civ. P. 65(b)

Plaintiff moves this Court for an emergency Temporary Restraining Order and Preliminary Injunction on the following grounds:

68. LIKELIHOOD OF SUCCESS ON THE MERITS: Plaintiff's First Amendment retaliation claim is supported by a two-and-a-half-year enforcement gap followed by retaliatory action upon assertion of federal rights. The post-notice § 3617 violation is documented in writing with a timestamped text message from ARK's authorized agent.

69. IRREPARABLE HARM: Plaintiff faces loss of housing, removal of her civil rights representative, and ongoing interference with constitutional rights — harms that cannot be remedied by money damages alone.

70. BALANCE OF EQUITIES: Defendants face no cognizable harm from maintaining the status quo they permitted for five years. Plaintiff faces housing loss, displacement, and civil rights deprivation.

71. PUBLIC INTEREST: The public interest strongly favors enforcement of First Amendment protections and Fair Housing Act anti-coercion provisions.

Plaintiff respectfully requests this Court:

(a) Immediately enjoin Defendants from taking any action to enforce the March 17, 2026 violation notice pending resolution of this matter;

(b) Immediately enjoin Defendants from taking any adverse action against George Faris's occupancy at 29 Wilkins Road;

(c) Immediately enjoin Defendants from removing, threatening to remove, or interfering with Plaintiff's permitted shed (Accessory Permit #250078);

(d) Immediately enjoin any eviction, lease termination, or other adverse housing action against Plaintiff;

(e) Order Defendants to preserve all communications, records, and documents related to enforcement actions against Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Adriane Potter respectfully requests that this Court:

1. Enter the Emergency TRO and Preliminary Injunction as set forth above;

2. Declare that Defendants' enforcement actions violate the First Amendment, the Fair Housing Act, and applicable Georgia law;

3. Declare that ARK has waived the occupant approval provision of the lease as to George Faris through five years of knowing acquiescence;

4. Declare that Defendants' June 9, 2026 occupancy threat constitutes unlawful coercion under 42 U.S.C. § 3617;

5. Award compensatory damages in an amount to be proven at trial;

6. Award punitive damages for willful violation of 42 U.S.C. § 3617 and deliberate First Amendment retaliation;

7. Award attorney's fees and costs pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 3613(c)(2);

8. Award such other and further relief as this Court deems just and proper.

## EXHIBIT LIST

Exhibit A: Liberty County Accessory Permit #250078, issued February 18, 2025

Exhibit B: HOA "Friendly Warning and First Notice," dated March 17, 2026

Exhibit C: Plaintiff's federal rights notice to ARK, dated April 2, 2026

Exhibit D: Written threat by Myron Tonge to remove permitted shed without court order

Exhibit E: Facebook transcript — Malette Hawes public admissions and defamatory statements

Exhibit F: Text message from Myron Tonge to George Faris, June 9, 2026, 8:39 AM — post-notice retaliatory occupancy threat

Exhibit G: Rent payment history establishing five-year continuous occupancy and ARK acceptance

## VERIFICATION

We, Adriane Potter and George Faris, declare under penalty of perjury that the foregoing is true and correct to the best of our knowledge, information, and belief.

Adriane Potter, Co-Plaintiff Pro Se

29 Wilkins Road, Midway, Georgia 31320

txgrl81@gmail.com

Date: June 9, 2026



_George Faris_ (signature)

George Faris, Co-Plaintiff Pro Se

29 Wilkins Road, Midway, Georgia 31320

gfaris@enochengine.org

Date: June 9, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused a copy of the foregoing Amended Complaint to be served upon all Defendants or their known agents by U.S. mail and/or electronic mail at the addresses known to Plaintiff.

_(signature)_

Adriane Potter and George Faris, Co-Plaintiffs Pro Se

Date: June 9, 2026