## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

ADRIANE POTTER, and
GEORGE FARIS,                           )
                                        )
       Plaintiffs,                  )
                                        )
v.                                      )          CV426-165
                                        )
ARK HOMES FOR RENT                      )
ET-2 LP, *et al.*,                      )
                                        )
       Defendants.                  )

## <u>REPORT AND RECOMMENDATION</u>

*Pro se* plaintiffs Adriane Potter and George Faris, jointly, filed a Complaint alleging various claims arising from a property dispute. *See generally* doc. 1. They each filed a Motion to Proceed *In Forma Pauperis*. Docs. 2 & 3. As discussed below, Potter's application shows that she is not indigent. While Faris' application might indicate his inability to pay the filing fee, the applications disclose that he is Potter's spouse. As discussed below, the fact that she has sufficient funds to pay the filing fee precludes any finding that his inability, individually, warrants waiver

1

of the filing fee.  Their respective requests to proceed *in forma pauperis* should, therefore, be **DENIED**. [1]  Docs. 2 & 3.

Potter's application discloses that her income is $901.07 per week, that she has a second job which provides variable income, and she has $2,133.00 in cash or in a checking or savings account.  Doc. 2 at 1-2. While she lists expenses that appear to exceed her monthly income, *see id.* at 2, the fact that she has available funds sufficient to pay the required filing fee precludes any finding that she is indigent.  She also indicates that she provides "100%" support to "George Faris – Spouse."  *Id.* at 2. Faris' application, which discloses no income or expenses, is consistent with Potter's disclosure that she entirely supports him.

While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948),

---

[1]  If Plaintiffs believe the Court has misconstrued their financial situation, their opportunity to object to this Report and Recommendation, discussed below, provides them an opportunity to clarify it.  They are reminded that any submission regarding their finances must be truthful.  To the extent that either plaintiff wishes to clarify her or his financial condition, that plaintiff is **DIRECTED** to complete Form AO 239 (Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)).  The Clerk is **DIRECTED** to send Plaintiffs a blank copy of Form AO 239 with this Report and Recommendation for his convenience.  To the extent that either wishes to amend any of her or his prior disclosures, she or he must also explain why she or he did not fully or accurately disclose the information on her or his prior application.  If Plaintiffs contend that they could pay the filing fee in installments, they are also free to request such an accommodation.  *See, e.g., Dean v. JRK Holdings*, 2022 WL 16558428, at *1 (S.D. Ga. Oct. 31, 2022).

the fact that financing his own litigation may cause some difficulty is not sufficient to relieve a plaintiff of his obligation to pay his own way where it is possible to do so without undue hardship. *Thomas v. Secretary of Dep't of Veterans Affairs*, 358 F. App'x 115, 116 (11th Cir. 2009) (the Court has wide discretion in ruling on IFP application, and should grant the privilege "sparingly" in civil cases for damages). Two important points must be underscored. First, proceeding IFP is a privilege, not an entitlement. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). Second, courts have discretion to afford litigants IFP status; it is not automatic. 28 U.S.C. § 1915(a)(1) (courts "*may* authorize the commencement" of IFP actions); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items); *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (the decision of whether to grant or deny IFP status under 28 U.S.C. § 1915 is discretionary). Importantly, here, "[c]ourts may . . .

consider the income of a party's spouse and joint assets when determining a party's motion to proceed *in forma pauperis.*" *Dempsey v. United States*, 2026 WL 1010785, at *1 (M.D. Fla. Mar. 23, 2026) (citations omitted).  Thus, the fact that Potter discloses sufficient funds to pay the filing fee and that she entirely supports Faris precludes either of them from proceeding *in forma pauperis.*  Accordingly, their applications to proceed *in forma pauperis* should be **DENIED**.  Docs. 2 & 3.  Should the assigned district judge agree with this recommendation, Plaintiffs should be afforded 21 days from the date of the district judge's order to pay the filing fee.  *See* S.D. Ga. L. Civ. R. 4.2(2).

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and

recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 29th day of June, 2026.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

5