**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | |
|---|---|
| ADRIANE POTTER, and GEORGE FARIS, | |
| Plaintiffs, | CIVIL ACTION NO.: 4:26-cv-165 |
| v. | |
| ARK HOMES FOR RENT ET-2 LP, et al., | |
| Defendants. | |

## O R D E R

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's June 29, 2026, Report and Recommendation, (doc. 6), to which Plaintiffs have filed an objection (doc. 9).   Since the Magistrate Judge correctly determined that the Plaintiffs' original applications show that they are not indigent, the Court might adopt it and deny those motions. However, since the Plaintiffs have filed supplemental applications, the Court will consider whether the supplemental applications alter the proper disposition of the Plaintiffs' requests to proceed in forma pauperis.   Because, as explained below, the financial information that Plaintiffs have disclosed, both in the original applications and the supplemental applications, consistently demonstrates that they are not indigent, the Court **DENIES** their applications, as supplemented, (docs. 2, 3, 7 & 8), and **DISMISSES** the Report and Recommendation, (doc. 6), as moot.

The Magistrate Judge's Report and Recommendation explained that the Plaintiffs' disclosed available funds were sufficient to pay the required filing fee and, therefore, leave to proceed in forma pauperis was not warranted.   (Doc. 6, pp. 2—4.)   The Report and Recommendation noted that Plaintiff Potter's application "lists expenses that appear to exceed her monthly income."   (Id. (emphasis added).)   As discussed below, the supplemental applications

belie that appearance.    Plaintiffs' Objection does not dispute the accuracy of the prior disclosure of available funds.    (See generally doc. 9.)    It asserts, without explanation, that their "disclosures demonstrate that requiring immediate prepayment of the full $405.00 would compel Plaintiffs to forego necessities in order to access the courthouse."    (Id., p. 2.)    That assertion is simply not borne out by any of the financial disclosures.

As the Magistrate Judge noted, Plaintiff Potter's disclosure of available funds in excess of $2,000, (see doc. 2, p. 2), "precludes any finding that she is indigent," (doc. 6, p. 2), and her income is properly considered as to both plaintiffs, (id., pp. 3—4 (citing Dempsey v. United States, Case No. 8:26-cv-260-KKM-SPF, 2026 WL 1010785, at *1 (M.D. Fla. Mar. 23, 2026))).    The supplemental applications to proceed in forma pauperis disclose only $1,394 in available funds, (see doc. 7, p. 2), which is still more than sufficient to pay the required filing fee.    Moreover, the supplemental applications disclose that Plaintiff Potter has an average monthly income of $9,791.00, (see id., pp. 1—2), and total household expenses of $7,716.55, (id., pp. 4-5).    Thus, the supplemental applications indicate that Plaintiffs' average monthly discretionary income is approximately $2,000, which amount is, again, more than sufficient to pay the required filing fee. Either the disclosed funds or the disclosed discretionary income, standing alone, would preclude authorizing Plaintiffs to proceed in forma pauperis.    Moreover, given those disclosures, the Court declines to afford Plaintiffs the opportunity to pay the filing fee in installments.    (See doc. 9, p. 2.)

Plaintiff's Motions to Proceed in forma pauperis, as supplemented, are **DENIED**.    (Docs. 2, 3, 7 & 8.)    Pursuant to the Court's Local Rules, Plaintiffs are **DIRECTED** to submit the

appropriate filing fee within twenty-one days of the service date of this Order.   L.R.  4.2(2).

Failure to make timely payment will result in dismissal.   Id.

 **SO ORDERED**, this 22nd day of July, 2026.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3